THE PRESIDENT, DIRECTORS AND COMPANY OF THE BANK OF RUTLAND *v.* GEORGE BARKER.

*Liability of non-residents to arrest.. Plea in abatement.*

A citizen of another state may be arrested on a *capias*, in an action founded on a contract, which is issued upon an affidavit of the creditor that the defendant is about to abscond or remove from the state; as was held in *Bank of Vergennes* v. *Barker*, ante page 243.

If a writ in an action on a contract issues as a *capias*, and the defendant's body is arrested upon it, a plea in abatement, on account of the writ being so issued and served, must negative the filing of such an affidavit.

ASSUMPSIT upon a bill of exchange drawn in December, 1853. The writ by which the suit was commenced, issued as a *capias* and was served by arresting the body of the defendant. The defendant plead in abatement substantially the same facts as those plead by him to the suit in favor of the *Bank of Vergennes* against him, (ante page 243.) To this plea the plaintiffs demurred.

The county court, September Term, 1854, — PIERPOINT, J., presiding, — decided that the plea was insufficient, to which the defendant excepted.

*Edgerton & Allen*, for the defendant.

*S. H. Hodges* for the plaintiffs.

The opinion of the court was delivered by

REDFIELD, CH. J. All the questions raised in the present case

except as to the form of the plea in abatement, were raised and considered by this court, and have been determined in the case of *Bank of Vergennes* v. *George Barker*, in the county of Addison, at the last term, (ante page 243.) The grounds of the decision need not be here repeated.

In the case in Addison county the plaintiff did reply the filing of a proper affidavit. There being no replication here, and the plea containing no averment in regard to any affidavit, the inquiry arises, whether the plea is sufficient without negativing the filing of any such affidavit. It is probable that in a plea in bar, where certainty to a common intent only is required, a mere condition or qualification of a defence need not be negatived. But in a plea in abatement, where a higher degree of certainty is required, and where the plea is not favored, and none but necessary intendments allowed in its favor, we think, when a mesne process, or any other, issues, as a *capias*, the intendment is to be made, rather in favor of the regularity of the process, than of a plea in abatement, which avers nothing more, than the simple fact, that the defendant being a citizen of this or any other of the United States has had his body arrested upon the process. For all beyond this, which is alleged in this plea, is not relevant to the question. On the rule laid down in *Bank of Vergennes* v. *Barker* it is not competent for the defendant to traverse the facts, alleged in the affidavit and upon which the *capias* issued, by plea in abatement. The plea then could only ultimately prevail, upon the want of the affidavit. And if the affidavit were in fact wanting, the process would be abateable without reference to whether the facts existed, upon which an affidavit might have been filed, or not. It would not therefore be necessary for the defendant to negative the existence of such facts, in his plea. If the plea should negative anything it should be that which would justify the process, viz: the filing of the proper affidavit.

And we think, as we said, that the plea should negative all the grounds for the writ issuing as a *capias*, named in the very same section giving the exemption claimed by the defendant. And one ground for the writ issuing in that form is the filing of an affidavit. Without this negation in the plea, it contains nothing more than appears on the face of the process, by fair implication, where

the residence of defendant is correctly set up.    Whether it is necessary to negative other grounds of the writ issuing as a *capias*, named in other distinct sections of the statute, as the suit may be for money collected by an attorney, or held in trust, it is not necesry to consider here.

Judgment affirmed.